JAMES CANN, Judge.
■ On the second day of April, 1948, claimant Margaret Elizabeth Lowers, in company with several other persons, was a passenger in an automobile owned by one Hugh Squires, and driven by one Lloyd Butcher, all being residents of the state of Ohio. The party had left Akron, Ohio, on the above men *65 tioned date and was enroute to Troy, Gilmer county, West Virginia, to visit friends or relatives. After crossing the Ohio river at Sistersville, West Virginia, the party proceeded on West Virginia state route no. 18 for several miles to a point beyond the intersection of state routes Nos. 18 and 47, when the driver of' the said automobile failed to negotiate .what he described as an abrupt curve and which resulted in said automobile leaving the highway and plunging down a ravine approximately twenty feet deep and injuring the claimant and driver of said automobile.
The evidence shows that for same distance the automobile herein mentioned was driven by the owner, Squires. Then about ten or twelve miles from the scene of the accident Lloyd Butcher became the driver. All of this time claimant was occupying the rear seat of said automobile. Butcher testified that after he became the driver of said automobile the road approaching the scene of the accident was curvy or winding and he was traveling at about forty miles per hour; when he approached the intersection of state routes 18 and 47, about midnight of the second day of April,' or very early morning of the third, he slowed down to about thirty or thirty-five miles per hour, and after crossing said intersection continued at forty miles per hour. After crossing the intersection he was in a slight curve bearing to the right which proceeded to a more abrupt curve to the left, and which became sharper at the point of the accident. When the driver of the said automobile entered the sharper part of the curve, for some reason the automobile left the road at the right, crossed the berm and plunged into a ravine causing severe injuries to both the claimant and the driver of said vehicle.
Squires, the owner of said automobile, claimant, and the driver of said vehicle were all former residents of the state of West Virginia. Squires who was sitting in the front seat of the automobile at the time of the accident, testified that he had driven over the route on which the accident occurred “a lot of times”; claimant testified that she had travelled over the same route the year before, and the driver, Butcher, *66 testified he had travelled over the same route once, two years before, in daylight.
The testimony of one of the witnesses for claimant shows that the berm to the right of the paved portion of the highway at the point of the accident was about ten feet in width. The testimony of one Russell H. McLain, surveyor for respondent, the state road commission, shows that the width of the paved portion of the highway at the scene of the accident was approximately twenty-four feet, with a usable berm of fifteen feet to the right, and that the overall width of the highway and berm on the right and left thereof was approximately fifty feet. The report of C. R. Holbert, a member of the department of public safety, shows that the curve at the point of the accident was well elevated and there was a good berm on both sides. No one testified that the highway was not in good condition. All of the witnesses for claimant testified that the weather was clear, highway dry and visibility good, except that, prior to reaching the point of accident, fog pockets had been encountered; that the said automobile was in good order mechanically, the lights in good order, having shortly before the time of the accident been checked, and the driver, Butcher, testified that he could see from seventy-five to one hundred feet ahead of him practically all of the time.
At the conclusion of the hearing, counsel for claimant contended, in effect, that the state road commission was negligent in failing to provide proper signs and markers to indicate the presence of abrupt or sharp curves, and that the lack of such signs or markers was the proximate cause of the accident in question, and which negligence on the part of the state road commission is such that a moral obligation rests upon the state of West Virginia to compensate claimant for her injuries. With this contention the court cannot and does not agree, for the facts and the evidence do not justify such a conclusion. The court believes that this case is controlled by the opinion of our Supreme Court of Appeals in the case of *67 State ex rel. Adkins v. Sims, Auditor, 46 S. E. (2d) 81, decided November 4, 1947. Judge Fox in his opinion said:
* * every user of the highways travels thereon ai his own risk. The State does not, and cannot, assure him a safe journey.’’
Our court has on a number of occasions adhered to the same proposition of law. Let us stop and consider some of the pertinent factors and circumstances in this case. Claimant, and the owner and the driver of the automobile in question are all natives of West Virginia. Surely they must have known that this is mountainous country and that practically all of our highways are replete with curves and sharp turns. The condition of the highway where the accident occurred was well known to.them for each had travelled and driven over the same within the past two years; the sharp or reverse curve involved in this case, in our opinion, presented ho extraordinary or unusual hazardous condition to them. On the night in question the driver of the automobile drove over what he called a winding road and approaching the scene of the accident he was already in a slight curve which became sharper as he neared the scene of the accident, travelling at about forty miles per hour. Was this not sufficient notice to him to cut his speed and proceed with caution and care? Instead, when he entered the sharp curve at the above speed he found it difficult to negotiate the curve, resulting in the automobile leaving the highway. This in our mind was due to the speed in which the automobile was travelling and if the driver had used reasonable care in the operation of said vehicle, regardless of how sharp the ensuing curve, he could have avoided the accident by proper application of his brakes and negotiated the curve in safety, since there was sufficient space at this point with which to do so, and since there is no contention that the road proper was in an unsafe condition. This leads us to conclude as did Judge Fox in the Adkins case. sv/pra:
' Here the simple proposition is: No fault was found with the road; but only that certain precau *68 tion had not been taken to guard against accidents at a particular point, that point being only one of many points, some possibly of even greater danger.”
And further quoting:
“We do not think the failure of the State Road Commissioner to provide guardrails and road markers, and to paint a center line on the highway, constitutes negligence of any character, and particularly no such negligence as would create a moral obligation on the part of the State to pay damages for injury or death, assumed to have occurred through such failure, and as the proximate cause thereof.”
Therefore, for the reasons stated herein we deny an award and dismiss the claim.